ROBERT D. HALLMAN (No. 239949)
robert.hallman@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415.471.3100
Facsimile:    415.471.3400

Attorneys for Defendant
MILLENNIUM INORGANIC CHEMICALS,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOS GATOS MERCANTILE, INC., d/b/a LOS GATOS ACE HARDWARE, FRED SWAIM, INC. d/b/a QUALITY AUTO PARTS, ACE HARDWARE OF SOUTH WALTON, INC., LEXINGTON HOME CENTER, LLC, R.F. COLE, INC., d/b/a BREWERS PAINT CENTER, CUSIMANO CARSTAR COLLISION, INC., and THE CARPETSHOPPE, INC., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY, HUNTSMAN INTERNATIONAL LLC, KRONOS WORLDWIDE, INC., and MILLENNIUM INORGANIC CHEMICALS, INC., <br><br> Defendants. | Case No. 13-cv-01180 (SI) <br><br> **STIPULATION EXTENDING TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT (CIVIL LOCAL RULE 6-1(a)) AND STIPULATED REQUEST FOR ORDER CONTINUING INITIAL CASE MANAGEMENT AND RELATED DEADLINES (CIVIL LOCAL RULE 6-1(b) & 6-2); [~~PROPOSED ORDER~~]** <br><br> Action filed: March 15, 2013 |

**RECITALS**

1. Plaintiffs Los Gatos Mercantile, Inc. *et al.* filed on March 15, 2013 the Complaint for Damages, Equitable and Injunctive Relief under the antitrust, consumer protection and unjust enrichment laws of certain states on behalf of a putative class of indirect purchasers of titanium dioxide ("Indirect Purchaser Complaint").

2. Defendants E.I. DuPont de Nemours and Company, Huntsman International LLC and Millennium Inorganic Chemicals, Inc. were served with the Complaint on March 22, 2013. Defendant Kronos Worldwide, Inc. was served with the Complaint on April 12, 2013.

3. There is pending before Judge Richard D. Bennett of the District Court for the District of Maryland, a case against the same Defendants alleging a violation of the Sherman Act §1 on behalf of a certified class of direct purchasers of titanium dioxide. *In re Titanium Dioxide Antitrust Litigation,* Master Docket No. 10-CV-00318 (RDB) ("Direct Purchaser Case"). The Direct Purchaser Case was filed on February 9, 2010 and is set for trial on September 9, 2013.

4. In light of the fact that the Indirect Purchaser Complaint and the Direct Purchaser Case are related in certain ways, and that the Direct Purchaser Case will proceed to trial in less than six months, the Parties wish to avoid unnecessarily burdening themselves or the Court with the responses to the Indirect Purchaser Complaint until the Direct Purchaser case has been resolved at trial.

5. So that this time may be productively used, Defendants have agreed to support modification of the Protective Order in *In re Titanium Dioxide Antitrust Litigation* or support such other means as necessary in order for the Plaintiffs' Counsel in the Indirect Purchaser Complaint to receive unredacted access to all sealed filings made in the Direct Purchaser Case.

6. Pursuant to Local Rule 6-1(a), the parties have agreed that Defendants may have an extension to November 26, 2013 to respond to the Indirect Purchaser Complaint.

7. Pursuant to Local Rules 6-1(b) and 6-2, the parties also request that the Court continue the initial case management conference and all related deadlines to a suitable date following the stipulated November 26, 2013 deadline for the response to the complaint. The parties believe that the Rule 26 discussions, the initial disclosures, and the case management conference will be more

fruitful once both parties know whether Plaintiffs will file an amended complaint prior to Defendants' responses and whether Defendants will respond to the Indirect Purchaser Complaint or an amended complaint.

8. There have been no prior time modifications in this case, and the only currently scheduled event that the proposed time modification will impact is the initial case management conference which is presently set for June 21, 2013.

## STIPULATION

WHEREAS, the parties stipulate and agree as follows:

a. On or before October 15, 2013, Plaintiffs shall notify Counsel for Defendants as to whether Plaintiffs intend to file an amended complaint.

b. Provided that they give notice to Defendants as set forth above, Plaintiffs may file an amended or consolidated and amended complaint on or before November 26, 2013. This provision is without prejudice to Plaintiffs' right to amend their complaint, after the filing of Defendants' response, pursuant to Fed. R. Civ. P. 15(a)(1)(B).

c. Defendants will have 45 days from the date an amended complaint is filed, to respond, provided that Defendants' response will not be due anytime before November 26, 2013. In the event that Plaintiffs elect not to file an amended complaint, Defendants will respond to the Indirect Purchaser Complaint on or before November 26, 2013.

d. The parties request that the Court extend the date of the initial case management conference, currently set for June 21, 2013, and all related deadlines, to a suitable date following the stipulated November 26, 2013 deadline for the response to the Indirect Purchaser Complaint.

e. If a related action is filed in any court, on behalf of a putative class of indirect purchasers of Titanium Dioxide, Defendants will attempt to enter into a similar stipulation with the parties to said related action. If Defendants are unable to do so, Plaintiffs Los Gatos Mercantile, Inc. *et al.* and Defendants will negotiate new deadlines for Defendants' response to the Indirect Purchaser Complaint and the deadlines set forth in paragraphs (a)-(c) of this Stipulation shall no longer be in force.

f. Defendants will support modification of the Protective Order in *In re Titanium Dioxide*

1 *Antitrust Litigation* or support such other means as necessary in order for the Plaintiffs' Counsel in
2 the Indirect Purchaser Complaint to receive unredacted access to all sealed filings made in the Direct
3 Purchaser Case.

### PROPOSED ORDER

Pursuant to the stipulation of the parties, (a) the last day for the parties to meet and confer regarding initial disclosures, early settlement, ADR process, and discovery plan; file ADR Certification signed by Parties and Counsel; and file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference is continued to January 10, 2014; (b) the last day to file Rule 26(f) Report, complete initial disclosures or state objections in Rule 26(f) Report, and file Case Management Statement is continued to January 24, 2014; and (c) the Initial Case Management Conference is reset for _____1/31/14_____ at 2:30 p.m. in Courtroom 10, 19th Floor.

DATED: _____6/13/13_____

_____
Hon. Susan Illston
United States District Judge

Approved as to form and stipulations:

PRATT & ASSOCIATES

By: /s/ *Ben F. Pierce Gore*
    BEN F. PIERCE GORE

    Attorneys for Plaintiffs

ARNOLD & PORTER LLP

By: /s/ *Robert D. Hallman*
    ROBERT D. HALLMAN

    Attorneys for Defendant
    MILLENNIUM INORGANIC
    CHEMICALS, INC.

**FILER'S ATTESTATION**

I, Robert D. Hallman, am the ECF user whose ID and password are being used to file this **Stipulation Extending Time for Defendants to Respond to Complaint (Local Rule 6-1(a)) and Stipulated Request For Order Continuing Initial Case Management And Related Deadlines (Civil Local Rule 6-1(B) & 6-2); [Proposed Order]**. In compliance with General Order 45, X.B., I hereby attest that Ben F. Pierce Gore has concurred in this filing.

DATED:  April 12, 2013

/s/ *Robert D. Hallman*
ROBERT D. HALLMAN

# CERTIFICATE OF SERVICE

I am a citizen of the United States employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Embarcadero Center, 10th Floor, San Francisco, CA 94111. On April 12, 2013, I served true copies of the following document(s) described as:

**STIPULATION EXTENDING TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT (CIVIL LOCAL RULE 6-1(a)) AND STIPULATED REQUEST FOR ORDER CONTINUING INITIAL CASE MANAGEMENT AND RELATED DEADLINES (CIVIL LOCAL RULE 6-1(b) & 6-2); [PROPOSED ORDER]**

on the interested parties in this action addressed as shown below.

| | |
|---|---|
| Jonathan W. Cuneo<br>Joel Davidow<br>Katherine Van Dyck<br>Victoria Romanenko<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street, NE<br>Washington, DC 20002 | Dan Barrett<br>Barrett Law Group, P.A.<br>P.O. Box 927<br>404 Court Square<br>Lexington, MS 39695 |
| Dewitt Lovelace<br>Lovelace & Associates, P.A.<br>12870 US Hwy 98 West, Ste. 200<br>Miramar Beach, FL 32550 | Shawn M. Raiter<br>Larson & King, LLP<br>2800 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101 |

Phillip Duncan
Richard Quintus
Duncan Firm, P.A.
900 S. Shackleford, Suite 725
Little Rock, AK 72211

☑ **BY MAIL**  I caused the sealed envelope(s) or package(s) to be deposited with postage fully prepaid thereon in the United States Mail in San Francisco, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **BY PERSONAL SERVICE**  I caused FreeWheelin' Attorney Service to deliver such envelope by hand to the office of the addressee(s) above.

☐ **BY FEDERAL EXPRESS**  I caused the sealed envelope(s) or package(s) to be delivered by Federal Express Priority Overnight (delivery by next business morning) to the offices of the addressee(s) by placing the envelope(s) or package(s) for collection and overnight delivery. I am "readily familiar" with this firm's practice of collection for overnight delivery. On the same day that envelopes or packages are placed for collection, they are either picked up by Federal Express or deposited at a facility regularly maintained by Federal Express in the ordinary course of business with the cost thereof billed to the firm's account.

1  ☐ **(VIA EMAIL)** The above-referenced document(s) (together with all exhibits and attachments thereto) was transmitted via email on April 12, 2013 before 6:00 p.m. PST to the person(s) at the email address(es) set forth on the attached service list. Within a reasonable time after transmission, no indication that the transmission was unsuccessful had been received.

☐ **STATE**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 12, 2013, at San Francisco, California.

☑ **FEDERAL**  I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 12, 2013, at San Francisco, California.

*/s/ Jane Rustice*
Jane Rustice