Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, California 95126
Telephone: (408) 369-0800
Facsimile: (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs and the Putative Class*

Robert Hallman (SBN 239949)
ARNOLD & PORTER LLP
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
Telephone: 415-471-3100
Facsimile: 415-471-3400
robert.hallman@aporter.com

*Attorneys for Defendant Millennium Inorganic Chemicals, Inc.*

(Additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOS GATOS MERCANTILE, INC., ET AL, <br><br> Plaintiffs <br><br> v. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY, ET AL, <br><br> Defendants | No. 3:13-cv-01180-WHO <br><br> JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

The Parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Reassignment Order entered by this Court on June 27, 2013.

1. <u>Complaint</u>

Plaintiffs, identified in Section 2 below, filed their Complaint for Damages, Equitable, and Injunctive Relief ("Indirect Purchaser Complaint") on March 15, 2013.

2. <u>Parties</u>

(a) Plaintiffs are paint retailers and indirect purchasers of Titanium Dioxide.

   i. Plaintiff Los Gatos Mercantile, Inc. d/b/a Los Gatos Ace Hardware is a California corporation with its principal place of business in Los Gatos, California.

   ii. Plaintiff Fred Swaim, Inc. d/b/a Quality Auto Parts is an Arkansas corporation with its principal place of business in Benton, Saline County, Arkansas.

   iii. Plaintiff Ace Hardware of South Walton, Inc. is a Florida corporation with its principal place of business in Miramar Beach, Florida.

   iv. Plaintiff Lexington Home Center, LLC is a Mississippi corporation with its principal place of business in Lexington, Mississippi.

   v. Plaintiff R.F. Cole, Inc. d/b/a Brewers Paint Center is a South Carolina corporation with its principal place of business in Charleston, South Carolina.

   vi. Plaintiff Cusimano Carstar, Inc. is a New York corporation with its principal place of business in Falconer, New York.

   vii. Plaintiff The Carpet Shoppe, Inc. is a Tennessee corporation with its principal place of business in Dickson, Tennessee.

(b) Defendants are manufacturers of Titanium Dioxide.

   i. Defendant E.I. DuPont de Nemours and Company is a Delaware corporation with its principal place of business in Wilmington, Delaware.

   ii. Defendant Huntsman International, LLC is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.

   iii. Defendant Kronos Worldwide, Inc. is a Delaware corporation with its principal executive offices in Dallas, Texas and its principal North American sales, marketing, and technical offices in Cranbury, New Jersey.

   iv. Defendant Millennium Inorganic Chemicals, Inc. (now known as Cristal USA, Inc.) is a Delaware corporation with its principal place of business in Hunt Valley, Maryland.

3. Summary of Claims

Plaintiffs bring this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure, asserting claims under Section 1 of the Sherman Act and various state antitrust, consumer protection, and unjust enrichment laws.

4. Facts

Plaintiffs allege that the named Defendants and other unnamed co-conspirators intentionally conspired and agreed to manipulate, fix, raise, maintain, and stabilize the market and price at which Titanium Dioxide is sold in the United States by exchanging commercially sensitive and proprietary information relating to the sales, production, supply, inventory, marketing, and pricing of Titanium Dioxide as well as the raw materials necessary to manufacture Titanium Dioxide itself. Defendants deny these allegations and intend to defend the case vigorously.

5. Relief Sought in the Complaint

Plaintiffs intend to employ an expert witness to assist in computing damages on a class-wide basis and to demonstrate how Defendants' collusion resulted in an increase in the price of Titanium Dioxide and thus an increase in the prices of products containing Titanium Dioxide. They allege that, because they paid a price for Titanium Dioxide products that was higher than what would be paid in a competitive marketplace, each suffered economic damages as a result of Defendants' alleged wrongdoing. Thus, Plaintiffs bring this lawsuit to recover actual and/or compensatory damages and to enjoin Defendants and their co-conspirators from engaging in their unlawful and anticompetitive behavior. Defendants maintain that Plaintiffs have not incurred damages.

6. Discovery

On June 18, 2013, the Court entered a Stipulated Protective Order governing the handling of confidential information in the above-captioned matter. Defendants have agreed to produce, subject to that order, pleadings, motions, exhibits, and reports filed in the Direct Purchaser Case described in Section 7 below.

7. Procedural History

While Plaintiffs filed their Complaint on March 15, 2013, a case against Defendants is pending before Judge Richard D. Bennett of the District Court for the District of Maryland alleging a violation of the Section 1 of the Sherman Act on behalf of a certified class of direct purchasers of Titanium Dioxide. *In re Titanium Dioxide Antitrust Litigation*, Master Docket No. 10-CV-00318 (RDB) ("Direct Purchaser Case"). The Direct Purchaser Case was filed on February 9, 2010 and is presently set for trial on September 9, 2013. Motions for Summary Judgment and to Compel Arbitration in the Direct Purchaser case were argued before Judge Bennett on June 25, 2013 and are pending decision.

In light of the fact that the Indirect Purchaser Complaint and the Direct Purchaser Case are related in certain ways, and that the Direct Purchaser Case is scheduled to proceed to trial in less than two months, the Parties seek to avoid unnecessarily burdening themselves or the Court with responses to the Indirect Purchaser Complaint until the Direct Purchaser Case has been resolved at trial. To that end, the Parties filed a stipulation and proposed order on April 12, 2013 providing Defendants with an extension to November 26, 2013 to respond to the Indirect Purchaser Complaint and requesting that the Court continue the initial case management conference and all related deadlines to a suitable date following the stipulated November 26,

2013 response deadline. The Court entered the stipulation on June 14, 2013 following an April 18, 2013 status conference, and the deadlines set forth therein are described in Section 8 below.

8. <u>Existing Deadlines</u>

(a) **October 15, 2013**: Plaintiffs shall notify Counsel for Defendants as to whether Plaintiffs intend to file an amended complaint.

(b) **November 26, 2013**: Provided that they give notice to Defendants as set forth above, Plaintiffs may file an amended or consolidated and amended complaint on or before this date. Defendants will have 45 days from the date an amended complaint is filed to respond, provided that Defendants' response will not be due anytime before November 26, 2013. In the event that Plaintiffs elect not to file an amended complaint, Defendants will respond to the Indirect Purchaser Complaint on or before November 26, 2013.

(c) **January 10, 2014**: The last day for the parties to (i) meet and confer regarding initial disclosures, early settlement, ADR process, and discovery plan; (ii) file an ADR Certification signed by Parties and counsel; and (iii) file either a Stipulation to ADR Process or Notice of Need for ADR Phone Conference.

(d) **January 24, 2014**: The last day to (i) file a Rule 26(f) Report, complete initial disclosures, or state objections to the Rule 26(f) Report and (ii) file a Case Management Statement.

9. <u>Deadline Modifications</u>

The Parties respectfully request that the Court enter the following deadlines for production of documents filed in the Direct Purchaser Case:

(a) **July 18, 2013**: Defendants shall provide any notices to plaintiffs' counsel and to persons and entities who are not parties to this action as required under the Stipulated Protective

Order entered in the above-captioned matter and/or the Stipulated Protective Order entered in the Direct Purchaser Case.

(b) **August 20, 2013**: Defendants shall produce to Plaintiffs, in unredacted form, all pleadings, motions, exhibits, and reports filed under seal or in redacted form in the Direct Purchaser Case for which no producing plaintiff or third party has raised an objection and sought appropriate relief as described in the Stipulated Protective Order entered in the above-captioned matter and/or the Stipulated Protective Order entered in the Direct Purchaser Case.

(c) **January 24, 2014**: Defendants shall produce to Plaintiffs all documents previously produced by Defendants in the Direct Purchaser Case.

10. Consent to Magistrate Judge For All Purposes

____ YES   _X_ NO

11. Case Management Conference

For the reasons set forth in Section 7 above, there is no immediate need for a case management conference. The parties respectfully request that the January 31, 2014 initial case management conference be reinstated.

Dated July 12, 2013                                  Respectfully submitted,

PRATT & ASSOCIATES                                   CUNEO GILBERT & LADUCA LLP

*/s/ Ben F. Pierce Gore*                             */s/ Sandra Cuneo*
Ben F. Pierce Gore (SBN 128515)                      Sandra Cuneo (SBN 110388)
1871 The Alameda, Suite 425                          Jonathan W. Cuneo (admitted *pro hac vice*)
San Jose, California 95126                           Joel Davidow (*pro hac vice* to be filed)
Telephone: (408) 369-0800                            Katherine Van Dyck (admitted *pro hac vice*)
Facsimile: (408) 369-0752                            Victoria Romanenko (admitted *pro hac vice*)
pgore@prattattorneys.com                             507 C Street, N.E.
                                                     Washington, DC 20002
                                                     Telephone: (202) 789-3960
                                                     scuneo@cuneolaw.com

|   |   |
|---|---|
| | jonc@cuneolaw.com |
| | joel@cuneolaw.com |
| | kvandyck@cuneolaw.com |
| | vicky@cuneolaw.com |
| | |
| | *Attorneys for Plaintiff and the Putative Class* |
| ARNOLD & PORTER LLP | CRAVATH, SWAINE & MOORE LLP |
| | |
| */s/ Robert Hallman* | */s/ Evan Chesler* |
| Robert Hallman (SBN 239949) | Evan R. Chesler |
| 3 Embarcadero Center, 7th Floor | Darin P. McAtee (admitted *pro hac vice*) |
| San Francisco, CA 94111-4024 | Timothy G. Cameron (admitted *pro hac vice*) |
| Telephone: 415-471-3100 | Worldwide Plaza |
| Facsimile: 415-471-3400 | 825 8th Avenue |
| robert.hallman@aporter.com | New York, NY 10019-7475 |
| | Telephone: (212) 474-1000 |
| James L. Cooper (admitted *pro hac vice*) | Facsimile: (212) 474-3700 |
| 555 12th Street, NW | echesler@cravath.com |
| Washington, DC 20004 | dmcatee@cravath.com |
| Telephone: 202-942-5014 | tcameron@cravath.com |
| Facsimile: 202-942-5999 | |
| James.Cooper@aporter.com | |
| | CROWELL & MORING LLP |
| *Attorneys for Defendant Millennium Inorganic Chemicals, Inc.* | |
| | Beatrice B. Nguyen (CSB No. 172961) |
| | 275 Battery Street, 23rd Floor |
| | San Francisco, CA 9411 |
| VINSON & ELKINS LLP | Telephone: (415) 365-7815 |
| | Facsimile: (415) 986-2827 |
| */s/ Matthew Jacobs* | bbnguyen@crowell.com |
| Matthew J. Jacobs (SBN 171149) | |
| 525 Market Street, Suite 2750 | Shari Ross Lahlou (*pro hac* to be filed) |
| San Francisco, CA 94105-2763 | 1001 Pennsylvania Avenue, N.W. |
| Telephone: 415.979.6900 | Washington, D.C. 20004-2595 |
| Facsimile: 415.651.8786 | Telephone: (202) 624-2500 |
| | Facsimile: (202) 628-5116 |
| James A. Reeder, Jr (admitted *pro hac vice*) | slahlou@crowell.com |
| First City Tower | |
| 1001 Fannin Street, Suite 2500 | *Attorneys for Defendant E.I. du Pont de* |
| Houston, Texas 77002-6760 | *Nemours and Company* |
| Telephone: (713) 758-2222 | |
| Facsimile: (713) 758-2346. | |
| jreeder@velaw.com | LOCKE LORD LLP |

|   |   |
|---|---|
| 1 | |
| 2 | |
| ... | |

*Attorneys for Defendant Huntsman International LLC*

*/s/ Paul E. Coggins*
Paul E. Coggins (admitted *pro hac vice*)
Kelly R. Vickers (admitted *pro hac vice*)
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
pcoggins@lockelord.com
kvickers@lockelord.com

*Attorneys for Defendant Kronos Worldwide Inc.*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Hon. William H. Orrick
United States District Judge
