**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOS GATOS MERCANTILE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY, et al., <br><br> Defendants. | No. 3:13-cv-01180-WHO <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT INTERIM LEAD COUNSEL** |

Upon consideration of Plaintiffs Los Gatos Mercantile, Inc. d/b/a Los Gatos Ace Hardware; Fred Swaim, Inc. d/b/a Quality Auto Parts; Ace Hardware of South Walton, Inc.; Lexington Home Center, LLC; R.F. Cole, Inc. d/b/a Brewers Paint Center; Cusimano Carstar, Inc.; and The Carpet Shoppe, Inc.'s ("Plaintiffs") Motion to Appoint Interim Lead Counsel, the points and authorities therein, and any opposition thereto, it is hereby ORDERED that Plaintiffs' motion is GRANTED.

1. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as Interim Co-Lead Counsel for Plaintiffs and proposed classes of indirect purchasers (as defined in the Complaint filed on March 15, 2013). Interim Co-Lead Counsel may act on behalf of Plaintiffs and the Proposed Classes in the above-captioned matter:

> Jonathan W. Cuneo, Esq.
> Cuneo Gilbert & LaDuca, LLP

>507 C Street, N.E.
>Washington, DC 20002
>
>Don Barrett, Esq.
>Barrett Law Group, P.A.
>P.O. Box 927
>404 Court Square North
>Lexington, MS 39095

2. Interim Co-lead Counsel shall have sole authority over the following matters on behalf of Plaintiffs and the Proposed Classes: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; (h) other matters concerning the prosecution of or resolution of their respective cases.

3. Only Interim Co-Lead Counsel may initiate or file any motions in the above-captioned matter.

4. Interim Co-Lead Counsel have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs and the Proposed Classes. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all counsel in this matter.

5. Interim Co-Lead Counsel shall reasonably coordinate activities to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery. Nothing in this Order shall be construed to place limitations

on the number of interrogatories any Plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure. Plaintiffs shall make reasonable efforts to avoid duplicative interrogatories and requests for production.

     6.     Interim Co-Lead Counsel shall coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition. Nothing in this order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by Federal Rules of Civil Procedure. The parties shall avoid duplicative questioning.

     7.     Interim Co-Lead Counsel shall coordinate with counsel for all Plaintiffs.

     8.     The Court also hereby appoints the following as Liaison Counsel:

> Ben F. Pierce Gore
> Pratt & Associates
> 1871 The Alameda, Suite 425
> San Jose, California 95126

     9.     Liaison Counsel shall have the administrative duty of receiving and sending pleadings and communications with the Court and with Defendants and disseminating the same among class counsel.

     10.     All counsel for Plaintiffs shall avoid duplication and inefficiency. All parties retain the right to object to duplicative discovery.

     11.     Notwithstanding the foregoing, each party reserves its right to (a) obtain the information to which it is entitled in its respective action by means of the Federal Rules of Civil Procedure; and (b) pursue the relief requested, or its defenses, in its respective action with diligence and dispatch even if the progress of one or more other indirect purchaser actions, including a class action, is delayed for reasons specific to those actions.

12. All discovery obtained by any Plaintiff may be shared by that Plaintiff with any other Plaintiff in this matter. All discovery obtained by Defendants shall be deemed discovered by all Plaintiffs.

13. All Plaintiffs' counsel must keep contemporaneous time records and periodically submit records and expenses to Interim Co-Lead Counsel or their designee.

Dated: _____

                    Hon. William H. Orrick III
                    United States District Judge