1   Beatrice B. Nguyen (CSB No. 172961, bbnguyen@crowell.com)
    CROWELL & MORING LLP
2   275 Battery Street, 23rd Floor
    San Francisco, CA  94111
3   Telephone: 415.986.2800
    Facsimile: 415.986.2827
4
5   Shari Ross Lahlou (*Pro Hac Vice*, slahlou@crowell.com)
    CROWELL & MORING LLP
6   1001 Pennsylvania Avenue, N.W.
    Washington, DC 20004
    Telephone: 202.624.2500
7   Facsimile: 202.628.5116

8   Attorneys for Defendant
    E. I. DU PONT DE NEMOURS AND COMPANY
9
10  Additional moving defendants and counsel listed on signature pages

                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN JOSE DIVISION
13

14
    JAN HARRISON, LEE RANALLI,           Case No. 5:13-cv-01180-BLF
15  MORGAN TANNER, SPENCER
    HATHAWAY, TODD TURLEY, DEBBIE        **DEFENDANT E. I. DU PONT DE**
16  HALE, KELI ANNO, JOHN ZULLO,         **NEMOURS AND COMPANY'S ANSWER**
    CHRISTOPHER KUON-TSEN LEE, JIM       **TO PLAINTIFFS' THIRD AMENDED**
17  BUCKINGHAM, TANDA SAXTON,            **CLASS ACTION COMPLAINT**
    JOHN WOZNIAK, JEROME SHERMAN,
18  BEVERLY JENKINS, DAVID               **Judge:  Hon. Beth Labson Freeman**
    PETERSEN, TOM STEVER, BRIAN
19  BAWOL, RANSOME FOOSE and
    STACY FRANKLIN,
20
                        Plaintiffs,
21
           v.
22
    E. I. DU PONT DE NEMOURS AND
23  COMPANY, HUNTSMAN
    INTERNATIONAL LLC, KRONOS
24  WORLDWIDE, INC., and MILLENNIUM
    INORGANIC CHEMICALS INC.,
25
                        Defendants.
26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Defendants E. I. DU PONT DE NEMOURS AND COMPANY ("DuPont") hereby answers Plaintiffs' Third Amended Complaint ("Complaint") as follows.  All allegations not expressly and specifically admitted are hereby expressly and specifically denied.

1.     DuPont admits that Plaintiffs have filed a putative class action and allege price fixing in Titanium Dioxide, and that Titanium Dioxide is found in many products.  DuPont denies the remaining allegations of Paragraph 1 and footnote 1, and specifically denies that it has engaged in any price fixing regarding Titanium Dioxide or entered into a conspiracy with any other Defendant or anyone else.  DuPont further denies that a class should be certified in this action, and denies that Plaintiffs have properly identified an appropriate relevant market.

2.     DuPont admits that one form of Titanium Dioxide is a dry chemical powder, and that Titanium Dioxide can be used in certain architectural paints, cosmetics, plastics, and paper, among other products. DuPont further admits that, until 2015, it manufactured and supplied Titanium Dioxide in the United States, but states that in 2015, DuPont spun off its Titanium Dioxide business as part of the Chemours Company.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and on that ground denies them.

3.     DuPont admits that Paragraph 3 purports to quote portions of an email allegedly from Millennium's Gary Cianfichi, but DuPont states that the email is the best evidence of its contents.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations regarding the alleged meeting between Bob Lee, Tom Keenan, and Mahomed Maiter, and on that ground denies them.  DuPont denies the remaining allegations of Paragraph 3, and specifically denies that it entered into any conspiracy with any other Defendant or anyone else.

4.     DuPont denies the allegations of Paragraph 4.

5.     DuPont denies the allegations of Paragraph 5.

6.     DuPont admits that Plaintiffs seek to represent a putative class consisting of residents of Arizona, Arkansas, California, the District of Columbia, Florida, Iowa, Kansas,

Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Mexico, New York, North Carolina, Oregon and Tennessee, but denies that Plaintiffs are entitled to class certification or any other relief.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else.  DuPont also denies the remaining allegations of Paragraph 6.

7.      DuPont admits that Plaintiffs seek to represent a putative class, but denies that Plaintiffs are entitled to class certification or any other relief.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else.  DuPont also denies the remaining allegations of Paragraph 7.

8.      DuPont admits that Plaintiffs purport to bring an action as described in Paragraph 8, but denies that it has violated the antitrust laws or any other laws.  The remaining allegations in Paragraph 8 set forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

9.      Paragraph 9 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 9.

10.     Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 10.

11.     Paragraph 11 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 11.  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.

12.     DuPont denies the allegations of Paragraph 12.

13.     Paragraph 13 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 13.  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.

14.     DuPont denies the allegations of Paragraph 14.

15.     DuPont denies the allegations of Paragraph 15.

16.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

-2-

1  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

2  Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the

3  truth of the remaining allegations of Paragraph 16, and on that ground denies them.

4        17.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

5  increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

6  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

7  Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the

8  truth of the remaining allegations of Paragraph 17, including footnote 2, and on that ground

9  denies them.

10        18.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

11  increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

12  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

13  Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the

14  truth of the remaining allegations of Paragraph 18, and on that ground denies them.

15        19.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

16  increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

17  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

18  Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the

19  truth of the remaining allegations of Paragraph 19, and on that ground denies them.

20        20.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

21  increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

22  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

23  Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the

24  truth of the remaining allegations of Paragraph 20, and on that ground denies them.

25        21.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

26  increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

27  Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

28

Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and on that ground denies them.

22.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22, and on that ground denies them.

23.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23, including footnote 3, and on that ground denies them.

24.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24, and on that ground denies them.

25.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25, and on that ground denies them.

26.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that ground denies them.

27.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that ground denies them.

28.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and on that ground denies them.

29.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29, and on that ground denies them.

30.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and on that ground denies them.

31.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding Titanium Dioxide. DuPont lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and on that ground denies them.

32.     DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified increases in the price of [Architectural Paint], as a result of the conspiracy described in [the] Complaint." DuPont also specifically denies it has engaged in any price fixing regarding

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the

2    truth of the remaining allegations of Paragraph 32, and on that ground denies them.

3          33.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

4    increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

5    Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding

6    Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the

7    truth of the remaining allegations of Paragraph 33, and on that ground denies them.

8          34.    DuPont denies that any Plaintiff has "suffered overcharge loss due to unjustified

9    increases in the price of [Architectural Paint], as a result of the conspiracy described in [the]

10   Complaint."  DuPont also specifically denies it has engaged in any price fixing regarding

11   Titanium Dioxide.  DuPont lacks information or knowledge sufficient to form a belief as to the

12   truth of the remaining allegations of Paragraph 34, and on that ground denies them.

13         35.    DuPont admits that it is a Delaware corporation with its principal place of

14   business in Wilmington, Delaware.  DuPont admits that, until 2015, DuPont manufactured

15   Titanium Dioxide products and sold them both in and outside of the United States.  However,

16   DuPont states that in 2015, DuPont spun its Titanium Dioxide business as part of the Chemours

17   Company.  DuPont admits that it was previously the world's largest manufacturer of Titanium

18   Dioxide, but denies that it is currently the world's largest manufacturer of Titanium Dioxide.

19   DuPont admits that it previously operated plants in Delaware, Tennessee, Florida, and

20   Mississippi.  DuPont admits that consumers have purchased architectural paints containing

21   Titanium Dioxide supplied by DuPont in the United States at various times.  DuPont denies that

22   it the remaining allegations of Paragraph 35.

23         36.    DuPont lacks information or knowledge sufficient to form a belief as to the truth

24   of the allegations of Paragraph 36, and on that ground denies them.

25         37.    DuPont lacks information or knowledge sufficient to form a belief as to the truth

26   of the allegations of Paragraph 37, and on that ground denies them.

27         38.    DuPont lacks information or knowledge sufficient to form a belief as to the truth

28   of the allegations of Paragraph 38, and on that ground denies them.

39.     DuPont denies the allegations of Paragraph 39.

40.     DuPont denies the allegations of Paragraph 40.

41.     DuPont denies that it entered into any conspiracy with any other Defendant or anyone else, including Lyondell Chemical Company.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and on that ground denies them.

42.     DuPont denies that it entered into any conspiracy with any other Defendant or anyone else, including Tronox, Inc.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42, and on that ground denies them.

43.     DuPont denies that it entered into any conspiracy with any conspiracy with any other Defendant or anyone else, including International Business Management Associates, Inc. or James R. Fisher.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43, and on that ground denies them.

44.     Paragraph 44 sets forth a conclusory statement about the meaning of the Complaint's allegations to which no response is required.  To the extent a response is required, DuPont denies the allegations.

45.     DuPont denies the allegations of Paragraph 45.

46.     DuPont admits that Plaintiffs seek to represent a "Nationwide Class" as described in Paragraph 46, but denies that Plaintiffs are entitled to class certification or any damages or other relief.  Paragraph 46 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 46.

47.     DuPont admits that Plaintiffs seek to represent a "Damages Class" as described in Paragraph 47, but denies that Plaintiffs are entitled to class certification or any damages or other relief.  Paragraph 47, including footnote 6, sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 47, including footnote 6.

48.     DuPont admits that Plaintiffs purport to define the putative Nationwide Class and Damages Class as set forth in Paragraph 48, but denies that Plaintiffs are entitled to class certification or any damages or other relief.  Paragraph 48 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 48.

49.     Paragraph 49 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

50.     Paragraph 50 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

51.     Paragraph 51 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

52.     Paragraph 52 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

53.     Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

54.     Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

55.     Paragraph 55 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies these allegations.

56.     DuPont denies the allegations of Paragraph 56.

57.     DuPont admits that one form of Titanium Dioxide is a dry chemical powder that may be used as a white pigment for providing whiteness, brightness, and masking of colors to many products, including paints and other coatings.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and on that ground denies them.

58.     DuPont admits that Titanium Dioxide has certain optical qualities.  DuPont admits that certain Titanium Dioxide products are consumed by customers in the paint, coatings, plastics, and paper industries.  DuPont admits that Titanium Dioxide products have a range of

-8-

1  applications.  DuPont admits that Titanium Dioxide is nonflammable and nontoxic.  DuPont

2  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

3  allegations of Paragraph 58, and on that ground denies them.

4       59.  DuPont admits that certain Titanium Dioxide products feature goodmasking or

5  opacifying ability, resistance to other chemicals and to ultraviolet degradation, and heat stability.

6  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

7  allegations of Paragraph 59 regarding all Titanium Dioxide products and white pigments, and on

8  that ground denies them.  DuPont also denies the remaining allegations of Paragraph 59.

9       60.  DuPont admits that titanium may be found along with iron in mineral oxides such

10  as ilmenite and rutile.  DuPont admits that ilmenite and rutile may be used in the manufacture of

11  Titanium Dioxide products, and that Titanium Dioxide is often sold in powder form.  DuPont

12  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

13  allegations of Paragraph 60, and on that ground denies them.

14       61.  DuPont admits that Titanium Dioxide products may be made by two processes,

15  sulfate and chloride, and that either process can produce two crystal structures, anatase and

16  rutile.  DuPont admits that the sulphate process produces Titanium Dioxide by reacting ilmenite

17  with concentrated sulfuric acid.  DuPont admits that the chloride process produces Titanium

18  Dioxide by reacting rutile with chlorine gas, converting rutile to titanium tetrachloride via

19  chlorination when in the presence of petroleum coke, and oxidizing the titanium tetrachloride.

20       62.  DuPont admits that the chloride process produces fewer waste products than the

21  sulfate process, and that DuPont operated chloride process plants.  DuPont admits that although

22  both the sulphate and chloride processes create the rutile crystal form of Titanium Dioxide, only

23  the sulphate process produces the anatase form, which is less durable than rutile.  DuPont denies

24  that it entered into any conspiracy with any other Defendant or anyone else.  DuPont lacks

25  knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

26  Paragraph 62, and on that ground denies them.

27       63.  DuPont admits that certain Titanium Dioxide products are sold in rutile grades

28  worldwide and are sold in various forms, including powder, ultrafine powder, and water slurry.

-9-

1    DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations of Paragraph 63, and on that ground denies them.

3         64.    The first sentence of Paragraph 64 contains legal conclusions to which no

4    response is required.  To the extent a response is required, DuPont denies those allegations.

5    DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

6    remaining allegations of Paragraph 64, and on that ground denies them.

7         65.    DuPont denies the allegations of Paragraph 65.

8         66.    DuPont admits that until 2015 it sold rutile Titanium Dioxide to customers in the

9    paint, coatings, and plastic industries.  DuPont admits that it does not sell anatase grades.

10   DuPont admits that rutile Titanium Dioxide has a higher refractive index and is more durable

11   than anatase.  DuPont lacks knowledge or information sufficient to form a belief as to the truth

12   of the remaining allegations of Paragraph 66, and on that ground denies them.

13        67.    DuPont denies the allegations of Paragraph 67, including the allegations of

14   footnote 7.

15        68.    DuPont admits that it owned and used proprietary technologies in manufacturing

16   Titanium Dioxide.  DuPont lacks knowledge or information sufficient to form a belief as to the

17   truth of the allegations of Paragraph 68 regarding the costs and time to build a new "greenfield"

18   plant and the advantages and technologies possessed by other entities, and on that ground denies

19   those allegations.  DuPont also denies the remaining allegations of Paragraph 68.

20        69.    DuPont denies the allegations of Paragraph 69.

21        70.    DuPont admits that it had a Titanium Dioxide plant in DeLisle, Mississippi,

22   which, due to Hurricane Katrina, was shut down from September 2005 until production began a

23   phased-in restart in February 2006.  DuPont denies that its domestic and global market shares

24   remained stable during any relevant period alleged in the Complaint.  DuPont lacks knowledge

25   or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

26   70, and on that ground denies them.

27        71.    DuPont denies the allegations of Paragraph 71.

28        72.    DuPont denies the allegations of Paragraph 72.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    73.    DuPont denies the allegations of Paragraph 73.

2    74.    DuPont denies the allegations of Paragraph 74.

3    75.    DuPont denies the allegations of Paragraph 75.

4    76.    DuPont lacks knowledge or information sufficient to form a belief as to the truth

5  of the allegations of Paragraph 76, and on that ground denies them.

6    77.    DuPont lacks knowledge or information sufficient to form a belief as to the truth

7  of the allegations of Paragraph 77 regarding the other Defendants and their affiliates, and on that

8  ground denies them.  DuPont also denies the remaining allegations of Paragraph 77.

9    78.    DuPont lacks knowledge or information sufficient to form a belief as to the truth

10  of the allegations of Paragraph 78, and on that ground denies them.

11    79.    DuPont denies the allegations of Paragraph 79.

12    80.    DuPont admits that certain public sources include information about certain

13  publicly-announced price increases, but denies that those sources contain information regarding

14  specific customer pricing or the extent of implementation of any announced price increase.

15  DuPont admits that it has given its customers notice of planned price increases through various

16  means, including customer letters.  DuPont lacks knowledge or information sufficient to form a

17  belief as to the truth of the allegations of Paragraph 80 regarding planned price increases by the

18  other Defendants, and on that ground denies them.  DuPont also denies the remaining allegations

19  of Paragraph 80.

20    81.    DuPont denies the allegations of Paragraph 81.

21    82.    DuPont admits that it is a member of the American Chemistry Council.  DuPont

22  admits that it has attended conferences and meetings of the American Chemistry Council.

23  DuPont admits that it was a member of the Titanium Dioxide Manufacturers Association and the

24  Titanium Dioxide Stewardship Council until 2015.  DuPont admits that, from time to time, some

25  of its employees have attended conferences and meetings of the IntertechPira Titanium Dioxide

26  and the Industrial Minerals International Congress.  DuPont denies that it entered into any

27  conspiracy with any other Defendant or anyone else, or that it had any improper communications

28  with any Defendant or anyone else at these or other industry meetings.  DuPont lacks knowledge

-11-

or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 regarding other Defendants and all association events, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 82.

83.     DuPont denies the allegations of Paragraph 83.

84.     DuPont denies the allegations of Paragraph 84.

85.     DuPont denies the allegations of Paragraph 85.

86.     DuPont denies the allegations of Paragraph 86.

87.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and on that ground denies them.

88.     DuPont admits that customer purchasing power severely impacts Titanium Dioxide prices, but denies that such power was limited to 2001.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88, and on that ground denies them.

89.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and on that ground denies them.

90.     To the extent Paragraph 90 purports to quote from documents and statements, DuPont states that those documents and statements are the best evidence of their contents. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90, and on that ground denies them.

91.     To the extent Paragraph 91 purports to quote from documents and statements, DuPont states that those documents and statements are the best evidence of their contents. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91, and on that ground denies them.

92.     DuPont admits that there was a meeting of TDMA in September 2001.  To the extent Paragraph 92 purports to quote from a Millennium presentation, DuPont responds that the presentation is the best evidence of its contents.  DuPont denies the remaining allegations of Paragraph 92.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

93.     DuPont admits that there was a TDMA General Committee meeting in Finland on or about January 24, 2002, but denies that it attended that meeting.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else, or that it had any improper communications with any Defendant or anyone else at industry meetings.  DuPont admits that it was not a member of the TDMA prior to 2002, but became an associate member in 2002. DuPont admits that it participated in the TDMA Global Statistics Program, in which participants independently submitted monthly sales and inventory information to CFEIC on a confidential basis.  DuPont further admits that it received aggregated reports from CEFIC based on those submissions, such that no participant could receive the information of any other specific producer.  DuPont denies the remaining allegations of Paragraph 93.

94.     DuPont admits that Paragraph 94 purports to quote correspondence allegedly from David Vercollone of Millennium, but DuPont states that the correspondence is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 94, and on that ground denies them.

95.     DuPont admits that James Fisher is a consultant, and that Paragraph 95 purports to quote portions of an editorial authored by Mr. Fisher, but DuPont states that the editorial is the best evidence of its contents.  DuPont denies the remaining allegations of Paragraph 95.

96.     DuPont denies the allegations of Paragraph 96.  DuPont specifically denies that it entered into any conspiracy with any other Defendant or anyone else, or that it had any improper communications with any Defendant or anyone else at these or other industry meetings.

97.     DuPont denies the allegations of Paragraph 97.

98.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 regarding other Defendants, and on that ground denies them. DuPont also denies the remaining allegations of Paragraph 98.

99.     DuPont denies the allegations of Paragraph 99.

100.     DuPont admits that Paragraph 100 purports to quote a portion of an email allegedly from Dave Young of DuPont, but DuPont states that the email is the best evidence of its contents.  DuPont admits that it joined the TDMA in 2002, but denies that its admission to the

-13-

1    TDMA was related to the subject of Mr. Young's email.  DuPont also denies the remaining

2    allegations of Paragraph 100.

3        101.    DuPont admits that TDMA met in Finland in 2002, but denies that it attended that

4    meeting.  DuPont also admits that there was an Industrial Minerals International Congress

5    Exhibition in Paris in April 2002.  DuPont admits that, in 2002, it unilaterally announced price

6    increases, effective on a certain date or as contracts allow, for certain Titanium Dioxide

7    products, but states that its price increase announcements are the best evidence of their contents.

8    DuPont further states that determining whether and to what extent those announced price

9    increases were implemented requires a customer-specific analysis because customers were often

10   able to avoid the effect of announced price increases by exercising significant bargaining

11   leverage.  DuPont admits that some of its Titanium Dioxide customers had contractual price

12   protection.  DuPont admits that implementing a change in price for such customers would

13   require individual negotiation.  DuPont lacks knowledge or information sufficient to form a

14   belief as to the truth of the allegations of Paragraph 101 regarding the other Defendants, and on

15   that ground denies them.  DuPont also denies the remaining allegations of Paragraph 101.

16       102.    DuPont admits that, on or about February 11, 2002, a chemical and oil industry

17   news service published an article entitled "TiO2 Producers Seek Large Price Increases as

18   Profitability Hovers Near Break-Even Point," but DuPont states that the article is the best

19   evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to

20   the truth of the remaining allegations of Paragraph 102, and on that ground denies them.

21       103.    DuPont admits that Paragraph 103 purports to quote an email allegedly from Joe

22   Maas of Kronos, but DuPont states that the email is the best evidence of its contents.  DuPont

23   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

24   allegations of Paragraph 103, and on that ground denies them.

25       104.    DuPont admits that Paragraph 104 purports to quote a document allegedly drafted

26   by Connie Hubbard of DuPont, but DuPont states that the document is the best evidence of its

27   contents.  DuPont admits that, in 2002, it unilaterally announced a price increase, effective on a

28   certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its

-14-

1  price increase announcement is the best evidence of its contents.  DuPont further states that

2  determining whether and to what extent that announced price increase was implemented requires

3  a customer-specific analysis because customers were often able to avoid the effect of announced

4  price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or

5  information sufficient to form a belief as to the truth of the remaining allegations of

6  Paragraph 104, and on that ground denies them.

7          105.     DuPont admits that, in 2002, it unilaterally announced a price increase, effective

8  on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states

9  that its price increase announcement is the best evidence of its contents.  DuPont further states

10  that determining whether and to what extent that announced price increase was implemented

11  requires a customer-specific analysis because customers were often able to avoid the effect of

12  announced price increases by exercising significant bargaining leverage.  DuPont lacks

13  knowledge or information sufficient to form a belief as to the truth of the allegations of

14  Paragraph 105 regarding other entities, and on that ground denies them.  DuPont also denies the

15  remaining allegations of Paragraph 105.

16          106.     DuPont admits that, in 2003, it unilaterally announced price increases, effective

17  on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states

18  that its price increase announcements are the best evidence of their contents.  DuPont further

19  states that determining whether and to what extent those announced price increases were

20  implemented requires a customer-specific analysis because customers were often able to avoid

21  the effect of announced price increases by exercising significant bargaining leverage.  DuPont

22  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

23  allegations of Paragraph 106, and on that ground denies them.

24          107.     DuPont admits that a Titanium Dioxide conference was held in Miami, Florida in

25  February 2003.  DuPont admits that DuPont's former Global Business Director, Ian Edwards,

26  attended and presented at this conference.  DuPont admits that Paragraph 107 purports to quote a

27  presentation allegedly given by Mr. Edwards, a presentation allegedly by Millennium's former

28  employee Bruce Zwicker, and an email allegedly from Ian Edwards, but DuPont states that the

-15-

1  presentations and the email are the best evidence of their contents.  DuPont denies that the

2  Miami conference or the presentations or email cited were related to any price increases,

3  including any price increase unilaterally announced by DuPont in 2003.  DuPont denies that it

4  entered into any conspiracy with any other Defendant or anyone else, or that it had any improper

5  communications with any Defendant or anyone else at these or other industry meetings.  DuPont

6  also denies the remaining allegations of Paragraph 107.

7       108.    DuPont admits that Paragraph 108 purports to quote a portion of an email

8  allegedly from Millennium's Gary Cianfichi, but DuPont states that the email is the best

9  evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to

10  the truth of the remaining allegations of Paragraph 108, and on that ground denies them.

11      109.    DuPont admits that, in 2004, it unilaterally announced price increases, effective

12  on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states

13  that its price increase announcements are the best evidence of their contents.  DuPont further

14  states that determining whether and to what extent those announced price increases were

15  implemented requires a customer-specific analysis because customers were often able to avoid

16  the effect of announced price increases by exercising significant bargaining leverage.  DuPont

17  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

18  allegations of Paragraph 109, and on that ground denies them.

19      110.    DuPont admits that, in 2004, it unilaterally announced price increases, effective

20  on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states

21  that its price increase announcement is the best evidence of its contents.  DuPont further states

22  that determining whether and to what extent that announced price increase was implemented

23  requires a customer-specific analysis because customers were often able to avoid the effect of

24  announced price increases by exercising significant bargaining leverage.  DuPont denies that it

25  entered into any conspiracy or "price agreement" with any other Defendant or anyone else, or

26  that it had any improper communications with any Defendant or anyone else at these or other

27  industry meetings.  DuPont lacks knowledge or information sufficient to form a belief as to the

28  truth of the remaining allegations of Paragraph 110, and on that ground denies them.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

111.     DuPont admits that Paragraph 111 purports to quote a portion of an email allegedly from Millennium's Tim Edwards, but DuPont states that the email is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111, and on that ground denies them.

112.     DuPont admits that Paragraph 112 purports to quote a portion of an email allegedly from Millennium's Gary Cianfichi, but DuPont states that the email is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 112, and on that ground denies them.

113.     DuPont admits that Paragraph 113 purports to quote an article allegedly written by Robert Louw for the July 2004 issue of TZ Minerals International's *TiO2 Review*, but states that the article is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 regarding the other Defendants, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 113.

114.     To the extent that Paragraph 114 purports to quote from a February 28, 2005 article, DuPont responds that the article is the best evidence of its contents.  DuPont admits that Paragraph 114 purports to quote a portion of an email allegedly from Jim Clover to Gary Cianfichi and others, but states that the email is the best evidence of its contents.  DuPont admits that it unilaterally announced price increases on or about April 1, 2005, and in December 2004, effective on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states that its price increase announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent those announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 regarding other entities, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 114.

115.    DuPont admits that, from March 2-4, 2005, a Titanium Dioxide Conference was held in Cannes, France.  DuPont admits that DuPont's former Vice President, Sam Severance, attended this conference and gave a keynote presentation.  DuPont admits that Paragraph 115 purports to quote a report allegedly by Jim Fisher, but DuPont states that the report is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 regarding other entities, and on that ground denies them.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else, or that it had any improper communications with any Defendant or anyone else at the Titanium Dioxide Conference or other industry meetings.  DuPont also denies the remaining allegations of Paragraph 115.

116.    DuPont admits that, in 2004 and 2005, it unilaterally announced price increases, effective on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states that its price increase announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent those announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 regarding other entities, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 116.

117.    DuPont admits that it unilaterally announced certain price increases between 2002 and 2005, effective on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its price increase announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent those announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117, and on that ground denies them.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

118.    DuPont admits that it had a Titanium Dioxide plant in DeLisle, Mississippi, which, due to Hurricane Katrina, was shut down in September 2005.  DuPont admits that Paragraph 118 purports to quote a portion of an email allegedly from Tronox's Robert Gibney, but DuPont states that the email is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118, and on that ground denies them.

119.    DuPont admits that, in November 2005, it announced a project agreement with the city of Dongying, China, which was a step toward the construction of a plant in Dongying with an initial annual capacity of 200,000 tons of Titanium Dioxide.  DuPont further admits that, in 2005 and subsequent years, it unilaterally announced price increases, effective on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its price increase announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent those announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 regarding other entities and purported statements made by an unidentified "industry analyst," and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 119.

120.    DuPont admits that there was an Industrial Minerals International Congress Exhibition in San Francisco from March 26-29, 2006.  DuPont also admits that, in 2005 and 2006, it unilaterally announced price increases, effective on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states that its price increase announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent those announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 regarding other entities, and on

1    that ground denies them.  DuPont denies that it entered into any conspiracy with any other

2    Defendant or anyone else, or that it had any improper communications with any Defendant or

3    anyone else at the Industrial Minerals International Congress Exhibition or other industry

4    meetings.  DuPont also denies the remaining allegations of Paragraph 120.

5        121.    DuPont admits that, in 2007, it unilaterally announced price increases, effective

6    on certain dates or as permitted by contract, for certain Titanium Dioxide products, but states

7    that its price increase announcements are the best evidence of their contents.  DuPont further

8    states that determining whether and to what extent those announced price increases were

9    implemented requires a customer-specific analysis because customers were often able to avoid

10   the effect of announced price increases by exercising significant bargaining leverage.  DuPont

11   admits that an Intertech Titanium Dioxide Conference took place in Fort Lauderdale, Florida, on

12   February 12-14, 2007.  DuPont denies that it entered into any conspiracy with any other

13   Defendant or anyone else, or that it had any improper communications with any Defendant or

14   anyone else at these or other industry meetings.  DuPont lacks knowledge or information

15   sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121, and on

16   that ground denies them.

17       122.    DuPont admits that Paragraph 122 purports to quote a portion of an email

18   allegedly from Millennium's Michael Card, but DuPont states that the email is the best evidence

19   of its contents.  DuPont admits that Paragraph 122 purports to quote a document allegedly

20   written by Millennium's Jim Clover, but DuPont states that the document is the best evidence of

21   its contents.   DuPont lacks knowledge or information sufficient to form a belief as to the truth of

22   the remaining allegations of Paragraph 122, and on that ground denies them.

23       123.    DuPont admits that Paragraph 123 purports to quote a document allegedly written

24   by Connie Hubbard, but DuPont states that the document is the best evidence of its contents.

25   DuPont denies the remaining allegations of Paragraph 123.

26       124.    DuPont admits that Paragraph 124 purports to quote a portion of an email

27   allegedly from Millennium's John Hall, but DuPont states that the email is the best evidence of

28   its contents.  To the extent Paragraph 124 purports to paraphrase Mr. Hall's deposition, the

1    transcript of that deposition is the best evidence of its contents.  DuPont lacks knowledge or

2    information sufficient to form a belief as to the truth of the remaining allegations of

3    Paragraph 124, and on that ground denies them.

4         125.    DuPont admits that, in 2008, it unilaterally announced a price increase, effective

5    on a certain date or as permitted by contract, and energy cost related surcharges for certain

6    Titanium Dioxide products, but states that its announcements are the best evidence of their

7    contents.  DuPont further states that determining whether and to what extent that announced

8    price increase and surcharge were implemented requires a customer-specific analysis because

9    customers were often able to avoid the effect of announced price increases by exercising

10   significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a

11   belief as to the truth of the allegations of Paragraph 125 regarding other entities, and on that

12   ground denies them.  DuPont also denies the remaining allegations of Paragraph 125.

13        126.    DuPont admits that, in 2008, it unilaterally announced a price increase, effective

14   on a certain date or as permitted by contract, and energy cost related surcharges for certain

15   Titanium Dioxide products, but states that its announcements are the best evidence of their

16   contents.  DuPont further states that determining whether and to what extent that announced

17   price increase and surcharge were implemented requires a customer-specific analysis because

18   customers were often able to avoid the effect of announced price increases by exercising

19   significant bargaining leverage.  DuPont admits that Paragraph 126 cites an article dated

20   January 7, 2008, but states that the article is the best evidence of its contents.  DuPont lacks

21   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

22   of Paragraph 126, and on that ground denies them.

23        127.    DuPont admits that Paragraph 127 cites an article dated January 7, 2008, that

24   purported to quote Tronox's CEO, but states that the article is the best evidence of its contents.

25   DuPont denies that it engaged in unlawful conduct to increase prices, or otherwise entered into

26   any conspiracy with any other Defendant, or anyone else.  DuPont lacks knowledge or

27   information sufficient to form a belief as to the truth of the remaining allegations of

28   Paragraph 127, and on that ground denies them.

128.     DuPont admits that an Industrial Minerals International Congress Exhibition was held in Athens, Greece, from March 30, 2008 to April 2, 2008.  DuPont admits that one or more of its employees attended this conference.  DuPont denies that it entered into any conspiracy with any other Defendant or anyone else, or that it had any improper communications with any Defendant or anyone else at these or other industry meetings.  DuPont admits that Paragraph 128 purports to quote a Kronos announcement, but states that the announcement is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128, and on that ground denies them.

129.     DuPont admits that, in 2008, it unilaterally announced price increases, effective on a certain date or as permitted by contract, and energy cost related surcharges for certain Titanium Dioxide products, but states that its announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent announced price increases and surcharges were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.

130.     DuPont admits that Paragraph 130 purports to quote a Tronox press release and a PRNewswire article, but DuPont states that the press release and the article are the best evidence of their contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130, and on that ground denies them.

131.     DuPont admits that Paragraph 131 purports to quote a Huntsman announcement, but DuPont states that the announcement is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 regarding the other Defendants, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 131.

132.     DuPont admits that Paragraph 132 purports to quote a Millennium announcement, but DuPont states that the announcement is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132, and on that ground denies them.

-22-

133.     DuPont admits that, in 2008, it unilaterally announced price increases, effective on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent announced price increases were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage.  DuPont denies the remaining allegations of Paragraph 133.

134.     DuPont admits that Paragraph 134 purports to quote a Tronox announcement, but DuPont states that the announcement is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134, and on that ground denies them.

135.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135, and on that ground denies them.

136.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136, and on that ground denies them.

137.     DuPont admits that, in 2008, it unilaterally announced energy surcharges for certain Titanium Dioxide products, but states that its announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent the announced surcharges were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced surcharges by exercising significant bargaining leverage.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 137, and on that ground denies them.

138.     DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138, and on that ground denies them.

139.     DuPont admits that, in 2008, it unilaterally announced price increases, effective on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its announcements are the best evidence of their contents.  DuPont further states that determining whether and to what extent the announced price increases were implemented

-23-

requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 139, and on that ground denies them.

140.    DuPont states that its price increase announcements are the best evidence of their contents, including the reason(s) for the price increases. DuPont denies the remaining allegations of Paragraph 140 attributed to it. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140, and on that ground denies them.

141.    DuPont admits that in 2008 it unilaterally announced price increases and energy surcharges, but states that its price increase announcements are the best evidence of their contents. DuPont further states that determining whether and to what extent those announced price increases and surcharges were implemented requires a customer-specific analysis because customers were often able to avoid the effect of announced price increases by exercising significant bargaining leverage. DuPont admits that ilmenite and rutile titanium ore are raw materials for making Titanium Dioxide. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141, and on that ground denies them.

142.    DuPont admits that Paragraph 142 purports to quote a portion of an email allegedly from Joe Maas of Kronos, but DuPont states that the email is the best evidence of its contents. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142, and on that ground denies them.

143.    DuPont admits that an IntertechPera Titanium Dioxide conference was held in March 2009. DuPont admits that the former vice president and general manager of DuPont's Titanium Technologies, Richard C. Olson, attended and gave a key note address at this conference. DuPont admits that Paragraph 143 purports to quote DuPont's website, but DuPont states that the website is the best evidence of its contents. DuPont specifically denies that it entered into any conspiracy with any other Defendant or anyone else, or that it had any improper

-24-

1    communications with any Defendant or anyone else at these or other industry meetings.  DuPont

2    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

3    Paragraph 143 regarding the other Defendants, and on that ground denies them.  DuPont also

4    denies the remaining allegations of Paragraph 143.

5         144.    DuPont admits that, in 2009, it unilaterally announced a price increase, effective

6    on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states

7    that its price increase announcement is the best evidence of its contents.  DuPont further states

8    that determining whether and to what extent that announced price increase was implemented

9    requires a customer-specific analysis because customers were often able to avoid the effect of

10   announced price increases by exercising significant bargaining leverage.  DuPont lacks

11   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

12   of Paragraph 144 regarding other entities, and on that ground denies them.

13        145.    DuPont admits that a TZMI mineral conference was held in October 2009.

14   DuPont specifically denies that it entered into any conspiracy with any other Defendant or

15   anyone else, or that it had any improper communications with any Defendant or anyone else at

16   these or other industry meetings.  DuPont lacks knowledge or information sufficient to form a

17   belief as to the truth of the remaining allegations of Paragraph 145, and on that ground denies

18   them.

19        146.    DuPont admits that Paragraph 146 purports to quote a portion of an email

20   allegedly from Joe Maas of Kronos, but DuPont states that the email is the best evidence of its

21   contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

22   remaining allegations of Paragraph 146, and on that ground denies them.

23        147.    DuPont admits that, in 2010, it unilaterally announced a price increase, effective

24   on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states

25   that its price increase announcement is the best evidence of its contents.  DuPont further states

26   that determining whether and to what extent that announced price increase was implemented

27   requires a customer-specific analysis because customers were often able to avoid the effect of

28   announced price increases by exercising significant bargaining leverage.  DuPont lacks

1  knowledge or information sufficient to form a belief as to the truth of the allegations of

2  Paragraph 147 regarding other entities, and on that ground denies them.  DuPont denies that it

3  entered into a conspiracy with any other Defendant or anyone else.  DuPont also denies the

4  remaining allegations of Paragraph 147.

5       148.    DuPont admits that the 20th Industrial Minerals International Congress &

6  Exhibition was held in March 2010.  DuPont specifically denies that it entered into any

7  conspiracy with any other Defendant or anyone else, or that it had any improper communications

8  with any Defendant or anyone else at these or other industry meetings.  DuPont admits that, in

9  2010, it unilaterally announced a price increase, effective on a certain date or as permitted by

10  contract, for certain Titanium Dioxide products, but states that its price increase announcement is

11  the best evidence of its contents.  DuPont further states that determining whether and to what

12  extent that announced price increase was implemented requires a customer-specific analysis

13  because customers were often able to avoid the effect of announced price increases by exercising

14  significant bargaining leverage.  DuPont specifically denies that it engaged in any price fixing

15  regarding Titanium Dioxide.  DuPont lacks knowledge or information sufficient to form a belief

16  as to the truth of the allegations of Paragraph 148 regarding other entities, and on that ground

17  denies them.  DuPont also denies the remaining allegations of Paragraph 148.

18       149.    DuPont admits that TMZI's Annual Asia in Focus Congress was held in Hong

19  Kong on or about November 3-5, 2010.  DuPont admits that, in 2010, it unilaterally announced

20  a price increase, effective on a certain date or as permitted by contract, for certain Titanium

21  Dioxide products, but states that its price increase announcement is the best evidence of its

22  contents.  DuPont further states that determining whether and to what extent that announced

23  price increase was implemented requires a customer-specific analysis because customers were

24  often able to avoid the effect of announced price increases by exercising significant bargaining

25  leverage.  DuPont specifically denies that it met to discuss price increases at or around the same

26  time as the Annual Asia in Focus Congress, and denies that it engaged in any price fixing

27  regarding Titanium Dioxide.  DuPont specifically denies that it entered into any conspiracy with

28  any other Defendant or anyone else, or that it had any improper communications with any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1   Defendant or anyone else at these or other industry meetings.  DuPont lacks knowledge or

2   information sufficient to form a belief as to the truth of the allegations of Paragraph 149

3   regarding other entities, and on that ground denies them.  DuPont also denies the remaining

4   allegations of Paragraph 149.

5           150.    DuPont admits that, at various times during the time period alleged in the

6   Complaint, it announced price increases in the United States or North America in cents per

7   pound for certain products, and that the price increases were effective on certain dates or as

8   permitted by contract.  DuPont admits that, at various times, it announced regional price

9   increases at or near the same time as each other.  As to the price increase announcements listed

10  for DuPont in the table in Paragraph 150, DuPont states that its price increase announcements

11  are the best evidence of their contents.  DuPont further states that determining whether and to

12  what extent those announced price increases were implemented requires a customer-specific

13  analysis because customers were often able to avoid the effect of announced price increases by

14  exercising significant bargaining leverage.  DuPont denies that it "coordinated" price increase

15  announcements or otherwise entered into any conspiracy with any other Defendant, or anyone

16  else.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 150 regarding other entities, and on that ground denies them.  DuPont

18  also denies the remaining allegations of Paragraph 150.

19          151.    DuPont denies the allegations of Paragraph 151.

20          152.    DuPont admits that, in 2007 and 2008, it unilaterally announced price increases

21  for certain Titanium Dioxide products in different regions, but states that its price increase

22  announcements are the best evidence of their contents.  DuPont further states that determining

23  whether and to what extent those announced price increases were implemented requires a

24  customer-specific analysis because customers were often able to avoid the effect of announced

25  price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or

26  information sufficient to form a belief as to the truth of the allegations of Paragraph 152

27  regarding the other Defendants, and on that ground denies them.  DuPont also denies the

28  remaining allegations of Paragraph 152.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

153.    DuPont admits that it received insurance proceeds that were primarily related to damage from Hurricane Katrina in 2005.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 regarding the other Defendants, and on that ground denies them.  DuPont also denies the remaining allegations of Paragraph 153.

154.    DuPont denies the allegations of Paragraph 154, including subparts (a)-(f).

155.    DuPont denies the allegations of Paragraph 155.

156.    DuPont denies the allegations of Paragraph 156.

157.    DuPont denies that Titanium Dioxide follows a traceable physical chain of distribution from Defendants to Plaintiffs and members of the alleged Classes.  DuPont admits that certain manufacturers including Sherwin Williams buy Titanium Dioxide.  DuPont denies that the chain of distribution from Defendants to Plaintiffs is short.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and on that ground denies them.

158.    DuPont denies the allegations of Paragraph 158.

159.    To the extent that Paragraph 159 purports to quote from a CEH Report, DuPont responds that the Report is the best evidence of its contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that ground denies them.

160.    DuPont denies the allegations of Paragraph 160.

161.    DuPont denies the allegations of Paragraph 161, including footnote 8.

162.    To the extent Paragraph 162 purports to cite or paraphrase articles from 2011 and 2012, DuPont states that the articles are the best evidence of their content.  DuPont denies the remaining allegations of Paragraph 162.

163.    To the extent Paragraph 163 purports to cite or paraphrase articles or reports, DuPont states that the articles or reports are the best evidence of their content.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and on that ground denies them.

1      164.    To the extent Paragraph 164 purports to cite or paraphrase documents or

2 statements, DuPont states that the documents or statements are the best evidence of their content.

3 DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

4 remaining allegations in paragraph 164, and on that ground denies them.

5      165.    DuPont denies the allegations of Paragraph 165.

6      166.    DuPont denies the allegations of Paragraph 166.

7      167.    DuPont admits that economists have developed regression analysis techniques,

8 but denies that those techniques have any application in this matter or that they support the

9 allegations of the Complaint.  To the extent Paragraph 167 purports to cite statements by Kronos,

10 DuPont states that those statements speak for themselves.  DuPont lacks knowledge or

11 information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

12 167, and on that ground denies them.

13      168.    DuPont denies the allegations of Paragraph 168.

14      169.    DuPont denies the allegations of Paragraph 169.

15      170.    DuPont denies the allegations of Paragraph 170.

16      171.    DuPont denies the allegations of Paragraph 171.

17      172.    DuPont denies the allegations of Paragraph 172.

18      173.    DuPont denies the allegations of Paragraph 173.

19      174.    DuPont denies the allegations of Paragraph 174.

20      175.    DuPont denies the allegations of Paragraph 175 and repeats and incorporates its

21 responses as set forth above.

22      176.    DuPont denies the allegations of Paragraph 176.

23      177.    Paragraph 177 sets forth legal conclusions to which no response is required.  To

24 the extent a response is required, DuPont denies the allegations of Paragraph 177.

25      178.    Paragraph 178 sets forth legal conclusions to which no response is required.  To

26 the extent a response is required, DuPont denies the allegations of Paragraph 178.

27      179.    Paragraph 179 sets forth legal conclusions to which no response is required.  To

28 the extent a response is required, DuPont denies the allegations of Paragraph 179.

1    180.    DuPont denies the allegations of Paragraph 180.

2    181.    DuPont denies the allegations of Paragraph 181.

3    182.    DuPont denies the allegations of Paragraph 182.

4    183.    Paragraph 183 sets forth legal conclusions to which no response is required.  To

5    the extent a response is required, DuPont denies the allegations of Paragraph 183.

6    184.    Paragraph 184 and footnote 11 set forth legal conclusions to which no response is

7    required.  To the extent a response is required, DuPont denies the allegations of Paragraph 184.

8    185.    DuPont denies the allegations of Paragraph 185.

9    186.    DuPont denies the allegations of Paragraph 186.

10    187.    DuPont denies the allegations of Paragraph 187.

11    188.    DuPont denies the allegations of Paragraph 188.

12    189.    DuPont denies the allegations of Paragraph 189.

13    190.    DuPont lacks knowledge or information sufficient to form a belief as to the truth

14    of the allegations of the first sentence and the various justifications for price increases referenced

15    in the second sentence of Paragraph 190.  DuPont denies the remaining allegations of

16    Paragraph 190.

17    191.    DuPont admits that Paragraph 191 purports to quote an article that allegedly

18    quoted a Huntsman employee, but DuPont states that the article is the best evidence of its

19    content.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

20    remaining allegations of Paragraph 191 regarding other entities, and on that ground denies them.

21    DuPont also denies the remaining allegations of Paragraph 191.

22    192.    DuPont admits that Paragraph 192 purports to quote a Millennium announcement,

23    but DuPont states that the announcement is the best evidence of its content.  DuPont lacks

24    knowledge or information sufficient to form a belief as to the truth of the remaining allegations

25    of Paragraph 179 regarding other entities, and on that ground denies them.  DuPont also denies

26    the remaining allegations of Paragraph 192.

27    193.    DuPont admits, in 2007, it unilaterally announced a price increase, effective on a

28    certain date or as permitted by contract, for certain Titanium Dioxide products, but states that its

-30-

1    price increase announcement is the best evidence of its contents.  DuPont further states that

2    determining whether and to what extent that announced price increase was implemented requires

3    a customer-specific analysis because customers were often able to avoid the effect of announced

4    price increases by exercising significant bargaining leverage.  DuPont lacks knowledge or

5    information sufficient to form a belief as to the truth of the allegations of Paragraph 193

6    regarding the other Defendants, and on that ground denies them.  DuPont denies that it ever

7    provided false, misleading, or pretextual reasons for announced price increases of its Titanium

8    Dioxide products, and denies that it ever "led" industry price increases.  DuPont also denies the

9    remaining allegations of Paragraph 193.

10            194.    DuPont admits that, in 2008, it unilaterally announced a price increase, effective

11   on a certain date or as permitted by contract, for certain Titanium Dioxide products, but states

12   that its price increase announcement is the best evidence of its contents.  DuPont further states

13   that determining whether and to what extent that announced price increase was implemented

14   requires a customer-specific analysis because customers were often able to avoid the effect of

15   announced price increases by exercising significant bargaining leverage.  DuPont denies that it

16   ever provided false, misleading, or pretextual reasons for announced price increases of its

17   Titanium Dioxide products, and denies that it ever "led" industry price increases.  DuPont lacks

18   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

19   of Paragraph 194, and on that ground denies them.

20            195.    DuPont states that its price increase announcements are the best evidence of their

21   contents.  DuPont denies that it ever provided false, misleading, or pretextual reasons for

22   announced price increases of its Titanium Dioxide products.  DuPont lacks knowledge or

23   information sufficient to form a belief as to the truth of the remaining allegations of

24   Paragraph 195, and on that ground denies them.

25            196.    DuPont states that its price increase announcements are the best evidence of their

26   contents.  DuPont admits that Paragraph 196 purports to quote an article published in Paint and

27   Coatings Industry magazine on or about October 1, 2004, but DuPont states that the article and

28   the statement are the best evidence of their contents.  DuPont lacks knowledge or information

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 196, and on

2  that ground denies them.

3      197.    DuPont states that its price increase announcements are the best evidence of their

4  contents.  DuPont admits that Paragraph 197 purports to quote a statement allegedly by

5  Huntsman, but DuPont states that the statement is the best evidence of its contents.  DuPont

6  denies that it ever provided false, misleading, or pretextual reasons for announced price increases

7  of its Titanium Dioxide products.  DuPont lacks knowledge or information sufficient to form a

8  belief as to the truth of the remaining allegations of Paragraph 197, and on that ground denies

9  them.

10     198.    DuPont denies the allegations of Paragraph 198.

11         (a)    DuPont admits that Paragraph 198(a) purports to quote an email allegedly

12  from Millennium's Gary Cianfichi, but DuPont states that the email is the best evidence of its

13  contents.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the

14  remaining allegations of Paragraph 198(a), and on that ground denies them.

15         (b)    To the extent Paragraph 198(b) purports to quote from a document, that

16  document is the best evidence of its contents.  DuPont lacks knowledge or information sufficient

17  to form a belief as to the truth of the remaining allegations of Paragraph 198(b), and on that

18  ground denies them.

19     199.    DuPont denies the allegations of Paragraph 199.

20         (a)    DuPont admits that representatives from DuPont attended certain TDMA

21  meetings at various times.  DuPont denies that it entered into any conspiracy with any other

22  Defendant or anyone else, or that it had any improper communications with any Defendant or

23  anyone else at these or other industry meetings, or that it fraudulently concealed any purported

24  wrongdoing.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations of Paragraph 199(a) regarding other entities and all association events, and on that

26  ground denies them.  DuPont also denies the remaining allegations of Paragraph 199(a).

27         (b)    DuPont denies that it entered into a conspiracy with other Defendants or

28  anyone else, and denies that it destroyed evidence.  DuPont lacks knowledge or information

1   sufficient to form a belief as to the truth of the allegations of Paragraph 199(b) regarding other

2   entities, and on that ground denies them.  DuPont also denies the remaining allegations of

3   Paragraph 199(b).

4           (c)     To the extent Paragraph 199(c) cites a deposition of Mr. Fisher, DuPont

5   states that the transcript of that deposition is the best evidence of its contents.  DuPont lacks

6   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

7   Paragraph 199(c), and on that ground denies them.

8           (d)     DuPont lacks knowledge or information sufficient to form a belief as to the

9   truth of the allegations of Paragraph 199(d), and on that ground denies them.

10          (e)     DuPont lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations of Paragraph 199(e) regarding the other Defendants, and on that ground

12  denies them.  DuPont also denies the remaining allegations of Paragraph 199(e).

13          (f)     To the extent Paragraph 199(f) cites a 2004 Coatings World article, DuPont

14  states that the article is the best evidence of its contents.  DuPont lacks knowledge or information

15  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 199(f)

16  regarding the other Defendants, and on that ground denies them.

17          (g)     DuPont admits that, in 2008, it unilaterally announced price increases,

18  effective on a certain date or as permitted by contract, for certain Titanium Dioxide products, but

19  states that its price increase announcements are the best evidence of their contents.  DuPont

20  further states that determining whether and to what extent those announced price increases were

21  implemented requires a customer-specific analysis because customers were often able to avoid

22  the effect of announced price increases by exercising significant bargaining leverage.  To the

23  extent Paragraph 199(g) purports to quote in part a DuPont "Customer Communication Plan" and

24  an internal email, DuPont states that the document and email are the best evidence of their

25  contents.  DuPont denies the remaining allegations of Paragraph 199(g).

26          (h)  To the extent Paragraph 199(h) purports to quote a portion of a Kronos email,

27  DuPont states that the email is the best evidence of its contents.  DuPont lacks knowledge or

28

1   information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

2   199(h), and on that ground denies them.

3        200.    DuPont denies the allegations of Paragraph 200.

4        201.    To the extent paragraph 201 cites or paraphrases documents or legal opinions,

5   those documents speak for themselves and are the best evidence of their contents.  DuPont

6   denies the remaining allegations of Paragraph 201.

7        202.    DuPont denies the allegations of Paragraph 202.

8        203.    DuPont denies the allegations of Paragraph 203.

9        204.    Paragraph 204 sets forth legal conclusions to which no response is required.  To

10   the extent a response is required, DuPont denies the allegations of Paragraph 204.

11        205.    DuPont denies the allegations of Paragraph 205 and repeats and incorporates its

12   responses as set forth above.

13        206.    DuPont denies the allegations of Paragraph 206.

14        207.    DuPont denies the allegations of Paragraph 207.

15        208.    DuPont denies the allegations of Paragraph 208, including subparts (a)-(c).

16        209.    DuPont denies the allegations of Paragraph 209.

17        210.    DuPont denies the allegations of Paragraph 210.

18        211.    DuPont denies the allegations of Paragraph 211, including subparts (a)-(d).

19        212.    DuPont denies the allegations of Paragraph 212, including subparts (a)-(e).

20        213.    DuPont denies the allegations of Paragraph 213, including subparts (a)-(d).

21        214.    DuPont denies the allegations of Paragraph 214, including subparts (a)-(d).

22        215.    DuPont denies the allegations of Paragraph 215, including subparts (a)-(d).

23        216.    DuPont denies the allegations of Paragraph 216, including subparts (a)-(d).

24        217.    DuPont denies the allegations of Paragraph 217, including subparts (a)-(d).

25        218.    DuPont denies the allegations of Paragraph 218, including subparts (a)-(d).

26        219.    DuPont denies the allegations of Paragraph 219, including subparts (a)-(d).

27        220.    DuPont denies the allegations of Paragraph 220, including subparts (a)-(d).

28        221.    DuPont denies the allegations of Paragraph 221, including subparts (a)-(d).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

222. DuPont denies the allegations of Paragraph 222, including subparts (a)-(d). Plaintiffs' claims under New York General Business Laws §§ 340, et seq., are dismissed with prejudice by the Court's June 13, 2016 Order, ECF No. 180.

223. DuPont denies the allegations of Paragraph 223, including subparts (a)-(c).

224. DuPont denies the allegations of Paragraph 224, including subparts (a)-(d).

225. DuPont denies the allegations of Paragraph 225, including subparts (a)-(c).

226. DuPont denies the allegations of Paragraph 226.

227. DuPont denies the allegations of Paragraph 227.

228. Paragraph 228 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 228.

229. DuPont denies the allegations of Paragraph 229 and repeats and incorporates its responses as set forth above.

230. DuPont denies the allegations of Paragraph 230.

231. DuPont denies the allegations of Paragraph 231, including subparts (a)-(f).

232. DuPont denies the allegations of Paragraph 232, including subparts (a)-(m).

233. DuPont denies the allegations of Paragraph 233, including subparts (a)-(e).

234. DuPont denies the allegations of Paragraph 234, including subparts (a)-(d).

235. DuPont denies the allegations of Paragraph 235, including subparts (a)-(f).

236. DuPont denies the allegations of Paragraph 236, including subparts (a)-(h).

237. DuPont denies the allegations of Paragraph 237, including subparts (a)-(f).

238. The Court has dismissed the allegations in paragraph 239, including subparts (a)-(g). See Order, Aug. 11, 2015, ECF No. 158, at 43. To the extent any response is required, DuPont denies the allegations of Paragraph 238, including subparts (a)-(g).

239. DuPont denies the allegations of Paragraph 239, including subparts (a)-(f).

240. DuPont denies the allegations of Paragraph 240 and repeats and incorporates its responses as set forth above.

241. DuPont denies the allegations of Paragraph 241, including subparts (a)-(d).

242. DuPont denies the allegations of Paragraph 242, including subparts (a)-(e).

-35-

1    243.    DuPont denies the allegations of Paragraph 243, including subparts (a)-(b).

2    244.    DuPont denies the allegations of Paragraph 244, including subparts (a)-(b).

3    245.    DuPont denies the allegations of Paragraph 245, including subparts (a)-(c).

4    246.    DuPont denies the allegations of Paragraph 246, including subparts (a)-(c).

5    247.    DuPont denies the allegations of Paragraph 247, including subparts (a)-(d).

6    248.    DuPont denies the allegations of Paragraph 248, including subparts (a)-(c).

7    249.    DuPont denies the allegations of Paragraph 249, including subparts (a)-(d).

8    250.    DuPont denies the allegations of Paragraph 250, including subparts (a)-(b).

9    251.    DuPont denies the allegations of Paragraph 251, including subparts (a)-(b).

10    252.    DuPont denies the allegations of Paragraph 252, including subparts (a)-(b).

11    253.    DuPont denies the allegations of Paragraph 253, including subparts (a)-(d).

12    254.    DuPont denies the allegations of Paragraph 254, including subparts (a)-(d).

13    255.    DuPont denies the allegations of Paragraph 255, including subparts (a)-(b).

14    256.    DuPont denies the allegations of Paragraph 256, including subparts (a)-(c).

15    257.    DuPont denies the allegations of Paragraph 257.

16    258.    DuPont denies the allegations of Paragraph 258.

17    259.    DuPont denies the allegations of Paragraph 259.

18    260.    DuPont denies the allegations of Paragraph 260.

19    261.    DuPont denies the allegations of Paragraph 261.

20    262.    DuPont denies the allegations of Paragraph 262.

21    263.    DuPont denies the allegations of Paragraph 263.

22    264.    DuPont denies the allegations of Paragraph 264.

23    265.    DuPont denies the allegations of Paragraph 265, including subparts (a)-(d).

24    266.    DuPont denies the allegations of Paragraph 266.

25    267.    DuPont denies the allegations of Paragraph 267.

26    268.    DuPont denies the allegations of Paragraph 268.

27    269.    Paragraph 269 sets forth legal conclusions to which no response is required.  To

28    the extent a response is required, DuPont denies the allegations of Paragraph 269.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

270.     Paragraph 270 sets forth legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 270.

With respect to the "Prayer For Relief" and "Jury Demand" following Paragraph 270, DuPont denies the factual allegations and denies that Plaintiffs are entitled to any of the relief that they request.  No response is required to Plaintiffs' headings and subheadings, but to the extent any response is required, DuPont denies any allegations contained therein.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSES

DuPont alleges the following separate and distinct defenses, and reserves the right to assert additional affirmative and other defenses as they are discovered or otherwise become available:

1.     Plaintiffs fail to state a claim upon which relief can be granted.  First, Plaintiffs' allegation that some of the alleged co-conspirators' price increase announcements were in some instances similar to one another only describes lawful parallel conduct; any similarities in pricing reflect reasoned, prudent, and unilateral decisions of Defendants in related actions in a competitive industry with relatively few manufacturers.  Second, the alleged co-conspirators did not act in parallel, but rather announced price increases on different days with different effective dates.  Third, Plaintiffs' allegations of opportunities to collude at trade events attended by some of the alleged co-conspirators fail to transform the alleged co-conspirators' legitimate conduct into a conspiracy, and are deficient in detailing the specific time, place, or persons involved in the alleged conspiracy.  Fourth, the alleged structure and attributes of the Titanium Dioxide industry do not demonstrate collusion, but instead comport with unilateral behavior and lawful, parallel pricing.  Fifth, Plaintiffs have not adequately alleged, and cannot prove, facts sufficient to satisfy the elements of the various state law claims asserted in the Complaint.

2.     Plaintiffs lack standing to bring these claims.  Plaintiffs have not suffered any injury, let alone an injury that is fairly traceable to any alleged conspiracy among Defendants, as required to establish Article III of the United States Constitution.  Furthermore, any "injury" from increased prices in the Titanium Dioxide industry resulted from competition and legitimate

business conduct.  DuPont's conduct—from unilaterally announcing price increases to attending industry events—was proper and procompetitive.

3.      For these same reasons, Plaintiffs also lack antitrust standing to assert federal antitrust claims or state antitrust claims.

4.      Plaintiffs' claims are barred in whole or in part because the Federal District Court in Delaware granted summary judgment in favor of DuPont on Valspar Corporation's price-fixing conspiracy claim.  *Valspar Corp. v. E.I. DuPont De Nemours & Co.*, __ F. Supp. 3d __, 2016 WL 304404 (D. Del. Jan. 25, 2016).  In this action, Plaintiffs are seeking damages for indirect purchases of products containing Titanium Dioxide based on an alleged price-fixing conspiracy that is identical to the one pled in *Valspar*.  Because the *Valspar* court has ruled that Defendants did not participate in a price-fixing conspiracy and there was no agreement to fix the price of Titanium Dioxide, there can be no recovery for indirect purchases of Titanium Dioxide.

5.      Plaintiffs' claims are barred in whole or in part by the four-year statute of limitations applicable to federal antitrust claims, 15 U.S.C. § 15(b), and by the various statutes governing Plaintiffs' state law claims, which set forth limitations periods ranging from three to six years.  The allegations of the Complaint are based on events that largely predate the relevant statutory periods.  Furthermore, Plaintiffs' claims were not tolled by the doctrine of fraudulent concealment because Plaintiffs had actual knowledge or reason to know of the bases of their claims—that, *inter alia*, since 2002, the alleged co-conspirators announced price increases of Titanium Dioxide products, certain market conditions existed when the alleged co-conspirators made the announcements, and the alleged co-conspirators attended various trade association meetings and industry conferences—prior to the relevant statutory periods.

6.      The Complaint fails to allege fraudulent concealment with sufficient specificity.  Plaintiffs do not set forth the who, what, where, and when of the alleged fraud.

7.      Plaintiffs' claims are barred in whole or in part by the equitable doctrine of laches.  Despite having knowledge or reason to know the bases of their alleged claims, Plaintiffs inexplicably and inexcusably delayed in filing this action.  As a result, DuPont has been prejudiced in its ability to properly defend this action in that necessary witnesses may no longer

-38-

be available, documents may no longer exist, and the damages for which DuPont may be liable are increased due to the passage of time.  In addition, in delaying to bringing their claims for an unreasonable length of time, coupled with their knowledge of the facts giving rise to their claims, Plaintiffs acquiesced to the alleged co-conspirators' conduct or otherwise relinquished their rights.

8.     Plaintiffs' claims are barred in whole or in part by a failure to mitigate their damages.  The facts underlying Plaintiffs' allegations have been publicly available for years, and Plaintiffs unreasonably delayed bringing suit.

9.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of those damages.

10.     Plaintiffs' claims for damages are barred, in whole or in part, to the extent that injury or damage alleged in the Complaint was absorbed by, passed on to, or incurred by third parties.

## JURY DEMAND

DuPont hereby demands a trial by jury on all triable issues.


WHEREFORE, Defendant DuPont respectfully requests that the Court (1) dismiss the Complaint with prejudice and enter judgment in favor of DuPont; (2) award DuPont its costs, expenses, and attorneys' fees; and (3) award other relief as the Court deems just and proper.

Dated:  July 27, 2016                              CROWELL & MORING LLP


                                        */s/ Beatrice B. Nguyen*

                                        Shari Ross Lahlou
                                        Beatrice B. Nguyen
                                        Attorneys for Defendant
                                        E. I. DU PONT DE NEMOURS AND COMPANY