| | |
|---|---|
| 1  **UNITED STATES DISTRICT COURT** | |
| 2  **NORTHERN DISTRICT OF CALIFORNIA** | |
| 3  **SAN JOSE DIVISION** | |
| 4  JAN HARRISON; LEE RANALLI; MORGAN TANNER; SPENCER HATHAWAY; TODD TURLEY; DEBBIE HALE; KELI ANNO; JOHN ZULLO; CHRISTOPHER KUON-TSEN LEE; JIM BUCKINGHAM; TANDA SAXTON; JOHN WOZNIAK; JEROME SHERMAN; BEVERLY JENKINS; DAVID PETERSEN; TOM STEVER; BRIAN BAWOL; RANSOME FOOSE; and, STACY FRANKLIN. | Case No. 5:13-cv-01180-BLF  **[~~REVISED PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiffs, | |
| v. | |
| E.I. DUPONT DE NEMOURS AND COMPANY; HUNTSMAN INTERNATIONAL, LLC; KRONOS WORLDWIDE, INC.; and, MILLENNIUM INORGANIC CHEMICALS, INC.; | |
| Defendants. | |

Now before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for Preliminary Approval.

WHEREAS Plaintiffs, on behalf of themselves and of the proposed stipulated settlement class ("Settlement Classes"), and Defendants E. I. du Pont de Nemours and Company ("DuPont"), Millennium Inorganic Chemicals, n/k/a Cristal USA, Inc. ("Cristal USA"), Kronos Worldwide, Inc. ("Kronos"), and Huntsman International LLC ("Huntsman") (together, the "Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Settlement Agreement;

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiffs have moved, unopposed, for an order granting preliminary approval of the Settlement Agreement;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the settlement set forth therein, subject to further consideration at a final approval hearing (the "Fairness Hearing").

2. A Fairness Hearing shall be held before this Court on **August 16, 2018, at 1:30 p.m., at the United States District Court of the Northern District of California, San Jose Division, located at Courtroom 3, 5th Floor, of this Court at 280 South 1st Street, San Jose, California 95113**, to determine whether the proposed settlement on the terms and conditions

provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; whether final judgment should be entered; the amount of fees, costs, and expenses that should be awarded to Plaintiffs' counsel; and the amount of any service awards to be awarded to the class representatives. The Court may change the day of the Fairness Hearing without further notice to the members of the Settlement Classes.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, two subclasses as follows:

> "Damages Settlement Class" means all purchasers who either (i) purchased Architectural Paint from a seller in a Damages State (defined in Paragraph 8 of the Settlement Agreement), or (ii) who reside in a Damages State and purchased Architectural Paint in the United States, provided that in either case the Architectural Paint purchased was for personal use and not for resale containing, in some form, Titanium Dioxide manufactured by one or more of the Defendants or co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof from January 1, 2002 until the date notice of this settlement is first distributed to the Damages Settlement Class, who do not timely opt out pursuant to Paragraphs 12 and 19 of the Settlement Agreement.

> "Injunctive Relief Settlement Class" means all purchasers in the United States of Architectural Paint for personal use and not for resale containing, in some form, Titanium Dioxide manufactured by one or more of the Defendants or co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof from January 1, 2002 until the date notice of this settlement is first distributed to the Injunctive Relief Settlement Class.

4. The Court approves, as to form and content, the notice of the proposed Settlement Agreement outlined in the Motion for Preliminary Approval of Class Action Settlement. The Court further finds that the proposed notice campaign and all forms of notice substantially meet the requirements of Federal Rule of Civil Procedure 23 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5. The Court appoints Digital Settlement Group ("DSG") ("Notice and Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims. The Notice and Claims Administrator shall commence all aspects of the approved notice

campaign, including notice by print publication, Internet notice, and dedicated website and press releases, in accordance with the schedule set forth below.

6. The Court approves, as to form and content, the Distribution Plan outlined in the Settlement Agreement.

7. The Court designates the following as class representatives for the Settlement Classes: Jan Harrison, Lee Ranalli, Morgan Tanner, Spencer Hathaway, Todd Turley, Debbie Hale, Keli Anno, John Zullo, Christopher Kuon-Tsen Lee, Jim Buckingham, Tanda Saxton, John Wozniak, Jerome Sherman, Beverly Jenkins, David Petersen, Tom Stever, Brian Bawol, Ransome Foose, and Stacy Franklin.

8. The Court designates the following as Class Counsel for the Settlement Class: Barrett Law Group and Cuneo Gilbert & LaDuca, LLP.

9. Class Counsel shall file their motion for attorneys' fees, costs, and service awards, and all supporting documentation and papers, no later than May 24, 2018.

10. Any person who desires to file an objection to the Settlement or request exclusion from the Settlement Class shall do so by June 15, 2018, in conformance with the provisions of the settlement notice as approved above.

11. In particular, all written objections and supporting papers, if any, must (a) clearly identify the case name and number (*Harrison v. E. I. du Pont de Nemours & Co.*, Case No. 5:13-cv-01180-BLF); (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before June 15, 2018.

12. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13. All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14. Class Counsel shall file their motion for final approval of Settlement, and all supporting documentation and papers, no later than July 19, 2018.

15. Class Counsel may file a written response to any objections to the Settlement Agreement, or to the application for attorneys' fees, reimbursement of expenses, and class representative service awards, no later than 14 days before the final Fairness Hearing, or by August 2, 2018.

16. At the Fairness Hearing, Class Counsel shall provide the Court with any updated information available as of that date concerning any requests for exclusion received from the Settlement Classes, any objections received from the Settlement Classes, or any other communications received in response to the notice of settlement.

17. At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, the motion for attorneys' fees and expenses, and any service awards shall be finally approved.

18. All reasonable expenses incurred in notifying the Settlement Classes and administering the settlement shall be paid as set forth in the Settlement Agreement.

19. Neither the Settlement Agreement, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by Plaintiffs or Defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

20. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

21. The Court adopts the following schedule proposed in the motion:

| **Event** | **Deadline** |
|---|---|
| Notice campaign to begin, including Internet and publication notice, dedicated website, and press release | 80 days from preliminary approval order |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | 3 weeks before claims and objection deadline |
| Last day to file claims and objections to the Settlement or requests for exclusion from the Classes | 15 weeks from beginning of notice campaign |
| Last day for motion in support of final approval of Settlement | 5 weeks after claims and objections deadline |
| Final Fairness Hearing | 4 weeks after motion for final approval, unless otherwise ordered by the Court |

The Court reserves the right to adjourn, continue or otherwise change the date of the Fairness Hearing without further notice to the members of the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The members of the Settlement Classes are advised to confirm the date of the Fairness Hearing as set forth in the settlement notice. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Classes.

Entered this \_\_\_\_ day of _____, 20\_\_.

_____
Hon. Beth Labson Freeman
United States District Judge

Submitted by:

CUNEO GILBERT & LADUCA LLP

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo (admitted *pro hac vice*)
4725 Wiscosin Ave. NW, Ste 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com