# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **JAN HARRISON; LEE RANALLI; MORGAN TANNER; SPENCER HATHAWAY; TODD TURLEY; DEBBIE HALE; KELI ANNO; JOHN ZULLO; CHRISTOPHER KUON-TSEN LEE; JIM BUCKINGHAM; TANDA SAXTON; JOHN WOZNIAK; JEROME SHERMAN; BEVERLY JENKINS; DAVID PETERSEN; TOM STEVER; BRIAN BAWOL; RANSOME FOOSE**; and, **STACY FRANKLIN**. <br><br> **Plaintiffs**, <br><br> v. <br><br> **E.I. DUPONT DE NEMOURS AND COMPANY; HUNTSMAN INTERNATIONAL, LLC; KRONOS WORLDWIDE, INC.**; and, **MILLENNIUM INORGANIC CHEMICALS, INC.**; <br><br> **Defendants**. | Case No. 5:13-cv-01180-BLF <br><br> [PROPOSED] **FINAL JUDGMENT AND ORDER APPROVING SETTLEMNT** |

This matter has come before the Court to determine whether there is any cause why this Court should not finally approve the settlement between Plaintiffs Jan Harrison, Lee Ranalli, Morgan Tanner, Spencer Hathaway, Todd Turley, Debbie Hale, Keli Anno, John Zullo, Christopher Kuon-Tsen Lee, Jim Buckingham, Tanda Saxton, John Wozniak, Jerome Sherman, Beverly Jenkins, David Petersen, Tom Stever, Brian Bawol, Ransome Foose, and Stacy Franklin (collectively, "Plaintiffs") and Defendants E.I. du Pont de Nemours and Company; Huntsman International LLC; Kronos Worldwide, Inc.; and Cristal USA Inc., formerly known as Millennium Inorganic Chemicals Inc. (together, "Defendants"), set forth in the parties' Amended Settlement Agreement and Release dated July 3, 2018 ("Agreement"), in the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and

otherwise being fully informed, has determined (1) that the Agreement should be approved, and (2) that there is no just reason for delay of the entry of this Judgment approving the Agreement.[1] Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to all parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391. Without in any way affecting the finality of this Final Judgment and Order Approving Settlement, this Court hereby retains jurisdiction as to (a) implementation of the Agreement and any distribution to Damages Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of Agreement proceeds; and (f) the parties to the Agreement for the purpose of enforcing and administering the Agreement and the mutual releases contemplated by, or executed in connection with the Agreement.

2. **Class Certification for Settlement Purposes Only.** The Court finds, for the purposes of this Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) have been satisfied, in that: (a) the Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Settlement Classes, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Settlement Classes is superior to other available means of adjudicating this dispute; (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Classes; (e) the questions of law and fact common to the members of the Settlement Classes predominate over any questions

---

[1] For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement, attached hereto as Exhibit 1.

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT
Case No. 13-cv-01180 (BLF)                                                                                                          2

affecting only individual members of the Settlement Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. **Class Definition.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Classes are finally certified and defined as follows:

> "Damages Settlement Class" means all purchasers who either (i) purchased Architectural Paint from a seller in a Damages State (defined in Paragraph 8 of the Agreement), or (ii) who reside in a Damages State and purchased Architectural Paint in the United States, provided that in either case the Architectural Paint purchased was for personal use and not for resale containing, in some form, Titanium Dioxide manufactured by one or more of the Defendants or co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof from January 1, 2002 until the date notice of this settlement is first distributed to the Damages Settlement Class, who do not timely opt out pursuant to Paragraphs 12 and 19 of the Agreement.
>
> "Injunctive Relief Settlement Class" means all purchasers in the United States of Architectural Paint for personal use and not for resale containing, in some form, Titanium Dioxide manufactured by one or more of the Defendants or co-conspirators, or any predecessors, parents, subsidiaries, or affiliates thereof from January 1, 2002 until the date notice of this settlement is first distributed to the Injunctive Relief Settlement Class.

Home Depot, U.S.A., Inc. ("Home Depot"), the plaintiff in *Home Depot, U.S.A., Inc. v. E.I. DuPont de Nemours and Co., et al.*, No. 5:16-cv-04865 (N.D. Cal.), is validly excluded from the Settlement Classes. Home Depot is not included in or bound by this Judgment and is not entitled to any recovery of the settlement proceeds obtained in connection with the Agreement.

4. **Class Counsel and Class Representatives.** The Court reaffirms the appointment of Barrett Law Group and Cuneo Gilbert & LaDuca, LLP as Class Counsel. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. The Court reaffirms the appointment of Jan Harrison, Lee Ranalli, Morgan Tanner, Spencer Hathaway, Todd Turley, Debbie Hale, Keli Anno, John Zullo, Christopher Kuon-Tsen Lee, Jim Buckingham, Tanda Saxton, John Wozniak, Jerome Sherman, Beverly Jenkins, David Petersen, Tom Stever, Brian Bawol, Ransome Foose, and Stacy Franklin

as Class Representatives, and finds that they have adequately represented the Settlement Class for the purposes of entering into and implementing the Agreement.

5. **Final Settlement Approval.** The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. Accordingly, the Court hereby directs that the Agreement shall be affected in accordance with its terms and definitions (all of which are adopted and incorporated herein by reference).

6. **Findings Concerning Notice.** The Court finds that notice was given to Settlement Class Members pursuant to the Notice Plan and the Preliminary Approval Order, and that said notice was appropriate under the circumstances and constitutes due and sufficient notice to the Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Agreement, including the Release; (c) their rights under the proposed Agreement; (e) their right to object to any aspect of the proposed Settlement or exclude themselves from the Damages Settlement Class; (f) their right to appear at the Final Fairness Hearing; (g) Class Counsel's request for attorneys' fees and expenses and Incentive Awards to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Classes. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

7. **CAFA Notice.** The Court finds that notice of the proposed Agreement was provided to the appropriate state and government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and government officials the requisite ninety (90) day time period to comment or object to the proposed Agreement before entering this Final Judgment and Order Approving Settlement, and no such comments or objections were received.

1    8.     **Fees and Service Awards.** The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs initiated the litigation, acted to protect the Class, and assisted their counsel on behalf of the Class. The efforts of Class Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $750,000.00 and reimbursement of expenses totaling $86,462.00. Further, the Court approves a $1,500 Incentive Award for each of the Class Representatives. The Fees and Expense Award and Plaintiffs' Incentive Awards shall be paid pursuant to the time table set forth in the Agreement.

9.     **Final Judgment.** The Court hereby dismisses on the merits and with prejudice the Action, in its entirety, as to Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Agreement. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement. The Releasees are hereby and forever released from all Released Claims as defined in the Agreement.

10.    The Court, finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), hereby directs the clerk to enter this Judgment forthwith.

Entered this ____ day of _____, 2018.

_____
Hon. Beth Labson Freeman
United States District Judge

Submitted by:

CUNEO GILBERT & LADUCA LLP

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo (admitted *pro hac vice*)
4725 Wiscosin Ave. NW, Ste 200
Washington, DC 20016
Telephone:     (202) 789-3960
Facsimile:     (202) 789-1813
jonc@cuneolaw.com